Gayane Gevorkyan
8037 Rhodes Avenue
North Hollywood, CA 91605

Defendant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Gayane Gevorkyan,<br><br>             Debtor.<br><br>Joan Kerrigan,<br><br>             Plaintiff,<br>   V.<br><br>Gayane Gevorkyan,<br><br>            Defendant. | Case No.: 1:14-bk-15616-VK<br><br>Chapter 7<br><br>Adv. No.: 1:15-ap-01087-VK<br><br>DEFENDANT'S ANSWER TO COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE PURSUANT TO SECTIONS 523 AND 527 OF THE BANKRUPTCY CODE<br><br><u>STATUS CONFERENCE:</u><br>DATE: July 22, 2015<br>TIME: 1:30 p.m.<br>CTRM: 301, 3rd Floor<br>      U.S. Bankruptcy Court<br>      21041 Burbank Blvd.<br>      Woodland Hills, CA 91367 |

COMES NOW defendant Gayane Gevorkyan (the "Defendant"), through her attorney of record the Law Offices of Tyson Takeuchi, answers the Complaint on file as follows:

    1.   Defendant admits the allegations in ¶1 of the Complaint.

    2.   Defendant admits the allegations in ¶2 of the Complaint.

3. Defendant admits the allegations in ¶3 of the Complaint.

4. Defendant admits the allegations in ¶4 of the Complaint.

5. Defendant admits the allegations in ¶5 of the Complaint.

6. Defendant admits the allegations in ¶6 of the Complaint.

7. Defendant admits the allegations in ¶7 of the Complaint.

8. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶8, and so denies any allegations in ¶8 of the Complaint.

9. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶9, and so denies any allegations in ¶9 of the Complaint.

10. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶10, and so denies any allegations in ¶10 of the Complaint.

11. Defendant lacks sufficient knowledge or belief to admit or deny in full the statements made in ¶11, and so denies any allegations in ¶11 of the Complaint.

12. Defendant denies the allegations in ¶12 of the Complaint.

13. Defendant denies the allegations in ¶13 of the Complaint.

14. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶14, and so denies any allegations in ¶14 of the Complaint.

15. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶15, and so denies any allegations in ¶15 of the Complaint.

16. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶16, and so denies any allegations in ¶16 of the Complaint.

17. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶17, and so denies any allegations in ¶17 of the Complaint.

18. Defendant denies the allegations in ¶18 of the Complaint.

19. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶19, and so denies any allegations in ¶19 of the Complaint.

20. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶20, and so denies any allegations in ¶20 of the Complaint.

21. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶21, and so denies any allegations in ¶21 of the Complaint.

22. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶22, and so denies any allegations in ¶22 of the Complaint.

23. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶23, and so denies any allegations in ¶23 of the Complaint.

24. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶24, and so denies any allegations in ¶24 of the Complaint.

25. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶25, and so denies any allegations in ¶25 of the Complaint.

26. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶26, and so denies any allegations in ¶26 of the Complaint.

27. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶27, and so denies any allegations in ¶27 of the Complaint.

28. Defendant admits the allegations in ¶28 of the Complaint.

29. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶29, and so denies any allegations in ¶29 of the Complaint.

30. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶30, and so denies any allegations in ¶30 of the Complaint.

31. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶31, and so denies any allegations in ¶31 of the Complaint.

32. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶32, and so denies any allegations in ¶32 of the Complaint.

33. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶33, and so denies any allegations in ¶33 of the Complaint.

34. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶34, and so denies any allegations in ¶34 of the Complaint.

35. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶35, and so denies any allegations in ¶35 of the Complaint.

36. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶36, and so denies any allegations in ¶36 of the Complaint.

37. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶37, and so denies any allegations in ¶37 of the Complaint.

38. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶38, and so denies any allegations in ¶38 of the Complaint.

39. Defendant reasserts her answers to the allegations and statements contained in ¶1 through ¶38 above as fully set forth herein.

40. Defendant denies the allegations in ¶40 of the Complaint.

41. Defendant denies the allegations in ¶41 of the Complaint.

42. Defendant denies the allegations in ¶42 of the Complaint.

43. Defendant denies the allegations in ¶43 of the Complaint.

44. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶44, and so denies any allegations in ¶44 of the Complaint.

45. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶45, and so denies any allegations in ¶45 of the Complaint.

46. Defendant reasserts her answers to the allegations and statements contained in ¶1 through ¶45 above as fully set forth herein.

47. Defendant denies the allegations in ¶47 of the Complaint.

48. Defendant denies the allegations in ¶48 of the Complaint.

49. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶49, and so denies any allegations in ¶49 of the Complaint.

50. Defendant reasserts her answers to the allegations and statements contained in ¶1 through ¶49 above as fully set forth herein.

51. Defendant denies the allegations in ¶51 of the Complaint.

52. Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶52, and so denies any allegations in ¶52 of the Complaint.

53.  Defendant lacks sufficient knowledge or belief to admit or deny the statements made in ¶53, and so denies any allegations in ¶53 of the Complaint.

**FURTHER**, AS SEPARATE AFFIRMATIVE DEFENSES to each and every claim for relief of the complaint, the Defendants are informed and believe, and on such information and belief allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### Untimely filing

As a First and Separate Affirmative Defense, the Defendants allege that the Plaintiff's complaint must be dismissed for failure to file within the time allowed under FRBP 4007(c). Plaintiff was notified of the Defendants' bankruptcy filing on numerous occasions via telephone, mail, and facsimile. Such notice included the Defendants' home address, state court case number, and last four digits of the Defendants' social security numbers.

### SECOND AFFIRMATIVE DEFENSE

### Failure to State a Claim upon Which Relief May Be Granted

As a Second and Separate Affirmative Defense, the Defendants allege that the Plaintiff's complaint and each claim for relief contained therein fails to state facts sufficient to state a claim against the Defendants. The complaint fails to state facts related to the purported fraudulent acts.

**THIRD AFFIRMATIVE DEFENSE**

**Failure to Mitigate Damages**

As a Third and Separate Affirmative Defense to the complaint and each claim for relief contained therein, the Defendants allege that Plaintiff has failed to undertake prudent and necessary steps to rectify the problems alleged, if any, to mitigate the damages, if any, claimed to have been suffered, or will suffer, by virtue of the alleged conduct of the Defendants, and, as such, Plaintiff's solely and proximately caused the damages complained of, if they exist.

**FOURTH AFFIRMATIVE DEFENSE**

**Doctrine of Laches**

As a Fourth and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendants allege Plaintiff is prevented from seeking the relief requested in the complaint by the doctrine of laches, as Plaintiff filed to object to the discharge of its claim by the deadline provided in the Defendant's chapter 7 bankruptcy proceeding.

**FIFTH AFFIRMATIVE DEFENSE**

**Claimant's Own Conduct**

As a Fifth and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendants allege Plaintiff's own conduct—namely, its failure to timely object to the discharge of its claim by the Defendants' bankruptcy case—resulted in Plaintiff's belated filing of the complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**Bad Faith**

As a Sixth and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendants allege the Complaint must be rejected because the basis for Plaintiff's complaint to exempt its judgment from bankruptcy discharge, to the extent that Plaintiff claims improper notice of bankruptcy filing, is false. Plaintiff was properly and timely served all relevant documents regarding the Defendants' chapter 7 bankruptcy filing.

**SEVENTH AFFIRMATIVE DEFENSE**

**Discharge by Bankruptcy**

As a Seventh and Separate Affirmative Defense to the complaint and each claim for relief contained therein, the Defendants allege that the damages, if any, complained of by Plaintiff in the complaint were discharged by bankruptcy on May 13, 2013 in Chapter 7 bankruptcy case 8:13-bk-10569-SC.

**EIGHTH AFFIRMATIVE DEFENSE**

**Unjust Enrichment**

As an Eighth and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendants allege that any judgment in favor of Plaintiff resulting from the complaint would result in unjust enrichment of the Plaintiff, for the sole reason that the claim Plaintiff seeks to excuse from discharge in the instant proceeding was discharged in bankruptcy.

### NINTH AFFIRMATIVE DEFENSE

### Lack of Causal Relationship

As a Ninth and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendants allege Plaintiff has failed to demonstrate that Defendants performed any fraudulent acts, or that the debt underlying Plaintiff's claim was obtained by "false pretenses, a false representation, or actual fraud."

### TENTH AFFIRMATIVE DEFENSE

### Plaintiff's Knowledge

As a Tenth and Separate Affirmative defense, Defendants allege Plaintiff was fully aware of Defendant's bankruptcy filing and, necessarily, was either aware of the deadline to object to discharge or possessed the knowledge and information to obtain the deadline to object to discharge, yet failed to object to the discharge of its claim in a timely manner.

**WHEREFORE**, having answered the Complaint and set forth its affirmative defenses thereto, Defendant respectfully requests:

1. That Plaintiff take nothing by way of this Complaint;
2. That the Complaint be dismissed;
3. For costs and attorney fees that may be incurred; and
4. For such other and different relief as may be just.

DATED: June 26, 2015

Respectfully submitted,

*/s/ Gayane Gevorkyan/*

Gayane Gevorkyan, Defendant