| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jessica Mickelsen Simon (SBN 277581)<br>jessica.mickelsensimon@kattenlaw.com<br>Cristina Bautista (SBN 299921)<br>cristina.bautista@kattenlaw.com<br>Katten Muchin Rosenman LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067-3012<br>Telephone: 310.788.4400<br>Fax: 310.788.4471<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Joan Kerrigan | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>Gayane Gevorkyan<br><br>Debtor(s). | CASE NO.: 1:14-bk-15616-VK<br><br>ADVERSARY CASE NO.: 1:15-ap-01087-VK<br><br>CHAPTER: 7 |
|---|---|
| Joan Kerrigan<br><br>Plaintiff(s).<br>vs.<br>Gayane Gevorkyan<br><br>Defendant(s). | Unilateral<br>~~JOINT~~ **STATUS REPORT**<br>**LBR 7016-1(a)(2)**<br><br>DATE: 07/22/2015<br>TIME: 1:30 pm<br>COURTROOM: 301<br>PLACE: 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE: Victoria Kaufman

**Plaintiff submits** the following ~~JOINT~~ STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served?  ☒ Yes  ☐ No
2. Have all parties filed and served answers to the complaint/counter-complaints/etc.?  ☒ Yes  ☐ No
3. Have all motions addressed to the pleadings been resolved?  ☐ Yes  ☒ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☐ Yes  ☒ No

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*  Page 1  **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please explain below (*or on attached page*):

   See answer to section F.

**B. <u>READINESS FOR TRIAL</u>:**

1. When will you be ready for trial in this case?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   11/01/2015

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

   <u>Plaintiff</u>                                              <u>Defendant</u>

3. When do you expect to complete <u>your</u> discovery efforts?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   09/30/2015

4. What additional discovery do you require to prepare for trial?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   Written discovery (interrogatories, requests for production, requests for admission).

**C. <u>TRIAL TIME</u>:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   2 days

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   2-3

3. How many exhibits do you anticipate using at trial?

   <u>Plaintiff</u>                                              <u>Defendant</u>

   5-10

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 2                                **F 7016-1.STATUS.REPORT**

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☐ is ☐ is not requested |
| Reasons: | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (*date*) 09/30/2015 | (*date*) |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?
   As described further in more detail in Section F, Plaintiff is trying to ascertain whether Defendant will be represented by counsel. Defendant filed multiple versions of her answer with the court through her underlying bankruptcy counsel, but represents in her filings that she is proceeding pro se. Once Defendant's counsel provides confirmation of involvement, Plaintiff will approach Defendant regarding potential settlement.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes   ☐ No | ☐ Yes   ☐ No |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    **F 7016-1.STATUS.REPORT**

**F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

According to the Summons and Notice of Status Conference, Defendant's response to the Complaint filed by Plaintiff was due on June 29, 2015. Defendant did not file her answer in a timely fashion, and thus, Plaintiff submitted her Request for Entry of Default on July 1, 2015. Since July 1st, Defendant, through her counsel for the underlying bankruptcy case, filed multiple versions of the same answer. Defendant contends that her filing was timely because she signed her answer on the 26th, but as Defendant admits in her status report, this does not constitute proper timely filing.

Moreover, the Answer filed by Defendant on July 2, 2015, which contains a hard-copy stamp from the Court, also included a proof of service attesting that Defendant served her answer on Plaintiff's counsel via U.S. Mail on June 26, 2015. This mailing was never received; had Plaintiff's counsel received Defendant's pleading, Plaintiff would not have filed her Request for Entry of Default on July 1, 2015.

Defendant's answer was untimely, and the clerk of court should enter default in this case.

Furthermore, Defendant submitted her unilateral status report on July 6, 2015, without making any efforts to meet and confer with counsel as required by Local Bankruptcy Rule 7026-1. Since then, Plaintiff's counsel has made efforts to ascertain whether Defendant is in fact proceeding pro se, as she represents in her filings, or with the assistance of her counsel, the Law Offices of Tyson Takeuchi.

Finally, Defendant's contention that the Plaintiff's complaint is untimely has no merit. Plaintiff, once she retained pro bono bankruptcy counsel, expeditiously filed a motion to extend the deadline to file a nondischargeability complaint pursuant to Fed. R. Bankr. P 4007(c), which the Court granted. The extended deadline to file a nondischarageability complaint was inadvertently set for May 25, 2015 -- a legal holiday for which the Clerk's Office would be inaccessible. Plaintiff filed her complaint on May 26, 2015, the next available court day, pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(3). Plaintiff's complaint is therefore timely, and Plaintiff does not anticipate that a motion for summary judgment by Defendant on this basis will resolve this matter.

Respectfully submitted,

Date: 07/14/2015                                                                  Date: _____

Katten Muchin Rosenman, LLP                                        _____
Printed name of law firm                                                    Printed name of law firm


/s/ Cristina E. Bautista                                                         _____
Signature                                                                               Signature

Cristina E. Bautista                                                              _____
Printed name                                                                        Printed name

Attorney for: Joan Kerrigan                                                 Attorney for: _____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                          Page 4                                          **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2029 Century Park East, Suite 2600, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT LBR 7016-1(a)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/14/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David Keith Gottlieb (TR) dkgtrustee@dkgallc.com
- Jessica Mickelsen Simon – jessica.mickelsensimon@kattenlaw.com
- Cristina E. Bautista – cristina.bautista@kattenlaw.com
- United States Trustee (SV) – ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/14/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Gayane Gevorkyan  
8037 Rhodes Avenue  
North Hollywood, CA 91605

Tyson Takeuchi  
Law Offices of tyson Takeuchi  
1100 Wilshire Blvd., Ste. 2606  
Los Angeles, CA 90017-1916

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/14/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman  
U.S. Bankruptcy Court – Central District of California  
21041 Burbank Blvd., Suite 354 / Courtroom 301  
Woodland Hills, CA 91367

Via Personal Delivery

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/14/2015 | Adelle Shafer | /s/ Adelle Shafer |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F 7016-1.STATUS.REPORT